IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, ) | |
| AIS #101329, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-CV-665-WKW |
| ) | [WO] |
| COUNTY OF MONTGOMERY, ) | |
| ALABAMA, *et al.*, ) | |
| ) | |
|   Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Arthur Brennan Malloy, a state inmate and frequent federal litigant. Malloy is presently incarcerated pursuant to a conviction for first degree robbery and resulting sentence of life imprisonment without parole imposed upon him in 1981 by the Circuit Court of Montgomery County, Alabama. In the current complaint, Malloy alleges that he is entitled to a reduction of this sentence under previously effective amendments to the Alabama Habitual Felony Offender Act, Alabama Code § 13A-5-9, *et seq.*, and, therefore, the state courts erred in denying his motion for reconsideration of sentence filed in November of 2003 pursuant to Alabama Code § 13A-5-9.1. Doc. 1 at 3.[1]

---

[1] The legislature repealed § 13A-5-9.1 effective March 13, 2014. Consequently, as of March 14, 2014, a trial court has no authority to apply the amended version of § 13A-5-9(c)(3) retroactively to address the life without parole sentences of inmates sentenced prior to amendment of the HFOA in 2000. However, when Malloy filed the state actions referenced herein seeking reconsideration of his sentence, § 13A-5-9.1

Specifically, Malloy argues that he is entitled to the relief sought in his motion for reconsideration of sentence—a reduction of his sentence from life without parole to simple life—because he has no qualifying prior conviction for a Class A felony. Malloy also challenges the state courts' refusals to grant a motion for relief from judgment challenging the denial of his motion for reconsideration of sentence. Doc. 1 at 3 & 5.

Malloy names as defendants Montgomery County, Alabama; Judge Charles Price, Judge William A. Shashy; the Alabama Court of Criminal Appeals; and D. Scott Mitchell, the Clerk of the Alabama Court of Criminal Appeals. Malloy seeks declaratory relief reversing the adverse actions taken by the state trial and appellate courts on his motion for reconsideration of sentence and the motion for relief from judgment filed with

---

had not yet been repealed. The Alabama Supreme Court addressed the purpose and function of § 13A-5-9.1 as follows:

> In 2001, the legislature [adopted § 13A-5-9.1] in an attempt to make the 2000 amendments to § 13A-5-9 retroactive. The stated purpose [of which] was "to provide further for eligibility for parole consideration of non-violent offenders.". . . [Section] 13A-5-9.1 state[d] in its entirety:
>> "The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court."
>
> . . . . Reading § 13A-5-9.1 in conjunction with § 13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly defined classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a Class A felony with no prior Class A felony convictions; and those who had been sentenced to life imprisonment under the mandatory provision of the HFOA upon conviction of a Class B felony. Moreover, of those habitual offenders, the judge [could] resentence only those who are nonviolent offenders.

*Kirby v. State*, 899 So.2d 968, 969–74 (Ala. 2004). "Therefore, the only inmates who would be eligible for reconsideration of their sentence(s) [under § 13A-5-9.1], in the discretion of the circuit court, [were] (1) nonviolent offenders with three prior felony convictions who were subsequently convicted of a Class B felony and sentenced to life in prison pursuant to § 13A-5-9 (c)(2), Ala. Code 1975, and (2) nonviolent offenders with three prior felony convictions, none of which was for a Class A felony, who were subsequently convicted of a Class A felony and [mandatorily] sentenced to imprisonment for life without the possibility of parole pursuant to § 13A-5-9(c)(3), Ala. Code 1975." *Prestwood v. State*, 915 So.2d 580, 585 (Ala. Cr. App. 2005). Malloy falls into the latter category of inmates.

2

respect to the denial of his request for reconsideration of sentence. Doc. 1 at 4–5. Malloy also seeks injunctive relief in the form of reinstatement of his appeal from the trial court's denial of his motion for relief from judgment filed under Alabama Rule of Civil Procedure 60(b) challenging the decision denying the motion for reconsideration of sentence. Doc. 1 at 6. Finally, Malloy seeks compensatory and punitive damages from the defendants. Doc. 1 at 6.

Upon review of the instant complaint and in light of the previous decision entered by this court in *Malloy v. County of Montgomery, Alabama, et al.*, Case No. 2:15-CV-898-MHT-GMB (M.D. Ala. 2016), affirmed on appeal on September 14, 2016 (appeal deemed frivolous), this case is due to be summarily dismissed as malicious in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II. DISCUSSION

Malloy challenges the constitutionality of actions taken by the Circuit Court of Montgomery County, Alabama and the Alabama Court of Criminal Appeals in denying him a reduction of his life without parole sentence. The instant complaint presents claims virtually identical to claims previously presented to the court and decided adversely to Malloy in Case No. 2:15-CV-898-MHT-GMB. In that matter, the court determined that *Heck v. Humphrey,* 512 U.S. 477 (1994), and its progeny barred review of the claims set forth by Malloy challenging the decisions of the state courts in denying him relief on his

---

[2] The court granted Malloy leave to proceed *in forma pauperis* in this civil action. Doc. 4. Consequently, this court is required to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii) which require the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.

3

motion for reconsideration of sentence and attendant motion for relief from judgment because a ruling by this court in favor of Malloy would necessarily imply the invalidity of his sentence of life without parole. *See* Recommendation of the Magistrate Judge (Doc. 5 at 3–6), *adopted* Doc. 9 at 1–2.[3]

The claims set forth by Malloy in this case are indistinguishable from the claims previously presented against the same defendants in Malloy's prior actions.[4] Federal courts are empowered to dismiss an *in forma pauperis* complaint as malicious where earlier and later complaints are substantially identical. 28 U.S.C. § 1915(e)(2)(B)(i) (providing that a district may dismiss a case "at any time if the court determines that . . . the action . . . is frivolous or malicious"); *see Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (internal quotation marks omitted) (noting previous determination "that [r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915[e] as malicious"); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (internal quotation marks and citation omitted) ("There is no abuse of discretion where a district court dismisses under § 1915[(e)] a complaint that merely repeats pending or previously

---

[3] As he did in a Rule 60(b) motion for relief from judgment filed in Case No. 2:15-CV-898-MHT-GMB (Doc. 23), Malloy argues that *Heck* and its progeny are not applicable to his requests for federal relief because Alabama Code § 13A-5-9.1 merely allows for inmates previously sentenced to life without parole to receive a life sentence thereby allowing for parole eligibility. Doc. 3 at 1. This court denied the motion for relief from judgment, Case No. 2:15-CV-898-MHT-GMB (Doc. 24), and the Eleventh Circuit affirmed this decision on appeal finding the appeal frivolous (Doc. 32). The appellate court also recently denied Malloy's motion for reconsideration of its order dismissing the aforementioned appeal as frivolous. Based on the foregoing, the court finds that the argument presented by Malloy regarding the alleged inapplicability of *Heck* cases is likewise subject to dismissal as malicious. Moreover, as set forth herein, a ruling in Malloy's favor on his complaint would result in a reduction of his sentence from life without parole to simple life and, therefore, clearly falls with the purview of *Heck*.

[4] The only difference in the two complaints is that the initial complaint also contained challenges to the constitutionality of Malloy's 1981 conviction for first degree robbery.

litigated claims."); *see Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014) (unpublished) (affirming dismissal of complaint as malicious because it was duplicative of a prior action where the claims it raised could fairly be said to arise from the same series of events); *see also Perry v. Culliver*, 2012 WL 1994917, at *2 (S.D. Ala. 2012) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), *adopted*, 2012 WL 1994914 (S.D. Ala. 2012). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal citation omitted). "Dismissal of the duplicative lawsuit . . . promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007).

In determining whether summary dismissal of a case is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey*, 846 F.2d at 1021. In the prior cause of action filed by Malloy, this court dismissed the case—including the current challenges to the state courts' adverse rulings on Malloy's motion for reconsideration of sentence and motion for relief from judgment—with prejudice as these claims were not properly before the court in a 42 U.S.C. § 1983 action since "habeas corpus is the exclusive remedy for a state prisoner who challenges the . . . duration of his confinement" and

5

seeks relief from this court which would impact the term of his incarceration. *Heck*, 512 U.S. at 481.[5]  The circumstances warranting dismissal of the claims now before the court are unchanged.  The court concludes that the complaint filed by Malloy in the instant cause of action is malicious, and that summary dismissal of this case is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint is malicious.

On or before **September 14, 2018**, Plaintiff may file objections to the Recommendation.  Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.

Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a

---

[5] The records of this court demonstrate that Malloy has previously filed habeas petitions in this court and the United States District Court for the Northern District of Alabama attacking the decisions of the state courts denying him a reduction in his sentence. *See Malloy v. Davenport, et al.*, Case No. 13-CV-784-WHA-GMB (M.D. Ala. 2016) (dismissing because Malloy did not have permission from the Eleventh Circuit to file a successive petition as required by 28 U.S.C. § 2244(b)(3)(A)–(C), dismissal affirmed on appeal); *Malloy v. Wise, et al.*, Case No. 09-CV-467-ID-CSC (M.D. Ala. 2009) (same); *Malloy v. Riley, et al.*, Case No. 02-CV-79-TMP-M (N.D. Ala. 2003) (same).  Thus, prior to seeking habeas relief from this court with respect to the denial of a sentence reduction, Malloy must first obtain permission from the Eleventh Circuit Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).

party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of August, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE