IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTHUR BRENNAN MALLOY, )
AIS # 101329, )
 )
        Plaintiff, )
 )
  v. ) CASE NO. 2:18-CV-665-WKW
 ) [WO]
COUNTY OF MONTGOMERY, )
ALABAMA, *et al.*, )
 )
        Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Arthur Brennan Malloy is a state inmate and serial litigant.[1] He filed this suit under 42 U.S.C. § 1983 to challenge a state court's denial of his motion to reconsider his sentence and a state court's denial of his motion for relief from judgment. He prayed for a declaratory judgment that the state court erroneously denied his motion for reconsideration, an injunction reinstating his state-court appeal, and $13.5 million in compensatory and punitive damages. (Doc. # 1.)

---

[1] *See, e.g.*, *Malloy v. Burton*, 2:93-CV-79 (M.D. Ala. filed Jan. 21, 1993); *Malloy v. Siegelman*, No. 4:02-CV-79 (N.D. Ala. filed Jan. 4, 2002); *Malloy v. Wise*, No. 2:08-CV-934 (M.D. Ala. filed Nov. 26, 2008); *Malloy v. Wise*, No. 2:09-CV-467 (M.D. Ala. filed May 20, 2009); *Malloy v. Wise*, No. 2:09-CV-964 (M.D. Ala. filed Oct. 16, 2009); *Malloy v. United States*, No. 1:11-CV-639 (Fed. Cl. filed Oct. 3, 2011); *Malloy v. Davenport*, No. 2:12-CV-183 (M.D. Ala. filed Feb. 28, 2012); *Malloy v. Davenport*, No. 2:12-CV-496 (M.D. Ala. filed June 12, 2012); *Malloy v. Peters*, No. 4:12-CV-2538 (N.D. Ala. filed July 25, 2012); *Malloy v. United States*, No. 4:13-CV-1777 (N.D. Ala. filed Sept. 25, 2013); *Malloy v. Davenport*, No. 2:13-CV-784, 2:13-cv-00784 (M.D. Ala. filed Oct. 23, 2013); *Malloy v. Peters*, No. 2:15-CV-1878 (N.D. Ala. filed Oct. 26, 2015); *Malloy v. Cty. of Montgomery*, 2:15-CV-898 (M.D. Ala. filed Dec. 4, 2015).

The Magistrate Judge recommended dismissing Malloy's complaint as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i). (Doc. # 6.) Malloy objected to that Recommendation. (Doc. # 8.) But Malloy's objections are due to be overruled, and the Recommendation is due to be adopted.

As an initial matter, the court notes that Malloy's objections are inadequate. An objection to a Magistrate Judge's Recommendation must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see* Fed. R. Civ. P. 72(b)(2) (requiring "specific" objections). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Malloy argues that the Recommendation "is in itself malicious, capricious, erroneous as a matter of record, fact and well-established law, arbitrary to the record, facts and well-established law, and severely conflicts with the decisions of ten (10) other Federal Circuit Courts of Appeal on the same point of law." (Doc. # 8, at 1–2.) But the objection does not identify any particular errors in the Recommendation. Nor does it identify any of the appellate decisions with which the Recommendation supposedly conflicts. The court therefore need not consider Malloy's objections.

Still, the court has conducted a *de novo* review of the Recommendation, *see* 28 U.S.C. § 636(b), and concluded that the Recommendation is due to be adopted.

"An action may be dismissed as malicious or frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." *Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014); *see Peoples v. Reno*, 230 F.3d 1359 (6th Cir. 2000) (unpublished); *Young v. Hansen*, 129 F.3d 1253 (1st Cir. 1997) (unpublished); *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

The claims that Malloy brings in this case are almost word-for-word identical to claims he brought against the same defendants in *Malloy v. County of Montgomery*, No. 2:15-CV-989 (M.D. Ala. filed Dec. 4, 2015). Relying on *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 648 (1997), this court dismissed Malloy's earlier lawsuit. (No. 15-CV-989, Docs. # 5, 9.) The Eleventh Circuit then dismissed Malloy's appeal as frivolous. (No. 15-CV-989, Docs. # 20, 31.)[2]

As a result, the court has "especially broad discretion" in determining whether to dismiss Malloy's present complaint as "malicious." *Bailey*, 846 F.2d at 1021 (quoting *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)). Because Malloy brings the same claims against the same defendants, and because the earlier decision

---

[2] The Supreme Court then dismissed Malloy's petition for writ of certiorari, stating he "repeatedly abused" that court's process. *Malloy v. Montgomery Cty.*, 137 S. Ct. 2168 (2017).

demonstrated that his complaint was legally barred, the court agrees with the Magistrate Judge that Malloy's complaint should be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).[3] *See id.*

It is therefore ORDERED that:

1. The objections to the Recommendation (Doc. # 8) are OVERRULED;

2. The Magistrate Judge's Recommendation (Doc. # 6) is ADOPTED; and

3. The complaint (Doc. # 1) is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Final Judgment will be entered.

DONE this 24th day of September, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In a last-ditch effort to save his case, Malloy abandoned one of his two claims. (Doc. # 8, at 2.) That effort is unavailing because the remaining claim was also rejected in the earlier case.